

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50143 | **DATE** | 12/01/2003 |
| **CASE TITLE** | Donald vs. Northern Illinois Publishing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion to dismiss and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 1 2003 date docketed | 31 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. ✓ | | 12-1-03 date mailed notice | |
| | LC6 courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Sharon M. Donald, filed a pro se complaint. Defendants filed a motion for a more definite statement because they apparently could not discern the nature of the claims being brought against them. This is understandable as the original complaint is incomprehensible. Plaintiff filed an amended complaint, and the motion for a more definite statement was denied as moot. Defendants then filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Rule 8(a)(2) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F. 3d 771, 775 (7th Cir. 1994). Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and, if so, what it is. Vicom, Inc., 20 F. 3d at 775. A complaint that is prolix and confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. Vicom, Inc., 20 F. 3d at 776. Thus, courts should not allow a plaintiff to plead by means of obfuscation. Vicom, Inc., 20 F. 3d at 776. A court may dismiss a complaint for failing to comply with Rule 8(a)(2). Caremark, Inc. v. Coram Helathcare Corp., 113 F. 3d 645, 649 n.5 (7th Cir. 1997). A dismissal with prejudice is appropriate where a plaintiff continues to violate Rule 8(a)(2) after having amended his complaint. Vicom, Inc., 20 F. 3d at 776.

Here, while defendants have made a valiant effort to discern the nature of the claims alleged in plaintiff's amended complaint in an attempt to address them via a motion to dismiss, they have not succeeded. Nor can this court glean from the amended complaint any comprehensible claim, let alone any federal cause of action. Thus, the court grants the motion to dismiss the amended complaint with prejudice, albeit on a different basis, and dismisses this cause in its entirety.